IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

LENARD TARKINGTON,

      Defendant.

Case No. 03-40133-01-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lenard Tarkington's *pro se* Motion to Reduce Sentence (Doc. 105). For the reasons explained in detail below, the Court gives Defendant notice of its intent to treat his motion as a request for habeas relief under 28 U.S.C. § 2255.

On February 5, 2007, Defendant pled guilty to armed bank robbery (Count 1), conspiracy to commit armed robbery (Count 3), and using and brandishing a firearm during and in relation to a federal crime of violence (Count 4).[1] This Court sentenced Defendant to a total of 191 months' imprisonment.[2] The Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed Defendant's appeal.[3] Defendant now alleges that the decision of the United States Supreme Court in *Dean v. United States* retroactively entitles him to resentencing.[4] In that case, the Court held that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection

---

[1] Doc. 82.
[2] Doc. 90.
[3] Doc. 104.
[4] 137 S. Ct. 1170 (2017).

1

with a violent crime restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for the predicate count.[5]

Defendant does not mention the federal habeas statute—28 U.S.C. § 2255—in his motion. Nevertheless, because of the nature of the relief that Defendant seeks, the Court is inclined to treat his motion as a request for § 2255 habeas relief.[6] Before doing so, however, the Court gives Defendant the opportunity to contest the recharacterization and to withdraw the motion.[7] Defendant must be warned: if the Court takes this action, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions."[8] Defendant should therefore consider whether he has included all of the allegations he wishes to bring in a § 2255 motion, or whether he should amend the allegations that he has raised.

Unless Defendant files with the Court a notice of his desire not to have his motion treated as a § 2255 motion—thereby withdrawing the motion—on or before **December 29, 2017**, the Court will treat his motion as a request for § 2255 relief. Alternatively, Defendant may file a motion to amend his motion to explicitly set out his grounds for § 2255 relief no later than **December 29, 2017.** The Court directs the Clerk's Office to send Defendant a standard form for § 2255 motions he may use to amend his motion or refile later as a motion if he elects to withdraw his pending motion. If Defendant does not move to amend the motion or withdraw it altogether, the Court will construe the motion as a § 2255 motion and order the Government to respond. If the Court takes this action, any and all motions filed thereafter under § 2255 will be construed as successive, and can only be filed with permission of the Tenth Circuit Court of

---

[5]*Id.* at 1176–77.

[6]*See* 28 U.S.C. § 2255(f)(3) (contemplating relief from the underlying sentence based on a change in Supreme Court law).

[7]*See generally Castro v. United States*, 540 U.S. 375, 381–83 (2003).

[8]*Id.* at 383.

Appeals.[9]  If Defendant chooses to request to amend the motion under § 2255, he must include **all** claims that can be brought under 28 U.S.C. § 2255.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that on or before **December 29, 2017,** Defendant must file either (1) a motion to withdraw his currently pending motion to reduce sentence (Doc. 105) and a notice of his desire not to have his motion recharacterized as a request for § 2255 relief; **or** (2) a motion to amend his motion to include all claims that can be brought under 28 U.S.C. § 2255.  If Defendant does not respond, the Court will treat the motion as a request for § 2255 relief.

**IT IS FURTHER ORDERED THAT** the Clerk's Office forward a copy of the § 2255 petition form to Defendant along with a copy of this order.

**IT IS SO ORDERED.**

Dated: November 29, 2017

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                UNITED STATES DISTRICT JUDGE

---

[9] *See United States v. Brockman*, No. 09-20001-CM, 2010 WL 1489718, at *1 (D. Kan. Apr. 13, 2010) (citation omitted).

[10] *Id.*